SOUTHERN KANSAS RAILWAY COMPANY OF TEXAS v. T. B. YARBROUGH.

Decided February 29, 1908.

**Carriers of Live Stock—Instructions to Jury.**

In a suit against several railroad companies for damages to a shipment of cattle alleged to have resulted from negligent rough handling and delay in transportation, the following portion of the court's charge considered and approved:

(A). "You will find in favor of such defendants, if any, as you may find from the evidence did not contribute to the injury of said cattle by negligent rough handling and unreasonable delays." Held, not subject to the objections, in view of other portions of the charge, that it required the jury to find affirmatively from the evidence that the defendants did not contribute to the injuries complained of before they could find for the defendants, and that the charge assumed that the defendants had injured the cattle.

(B). "If you shall find that the defendants or either of them transported said cattle with reasonable dispatch and did not delay the same unreasonably, and did not handle said cattle roughly or injure them thereby, or if you find said cattle were not damaged, then you will find for the defendants in this case or for such one as did not contribute to their injury by negligence in handling or transporting them." Held, in view of another portion of the charge which required the jury to find that the delays and rough handling, if any, were negligent, the above charge was not subject to the criticism that it misled the jury to believe that one of the defendants was not guilty of negligence in the respects named, nor that rough handling constituted negligence as matter of law.

(C). "In estimating the damages you will take into consideration only such damages as may have been sustained by reason of unreasonable delays and rough handling, if any." Held, apparent from the charge as a whole that by the terms "rough handling" the court meant such unreasonable and negligent handling of the cattle as was beyond the natural and usual way of handling such shipments.

Appeal from the District Court of Childress County. Tried below before Hon. S. P. Huff.

*Hoover & Taylor* and *W. T. Allen,* for appellants.—The court erred in the fifth paragraph of the charge. Revised Statutes, art. 1317; Costley v. Galveston City Ry., 70 Texas, 112; Biering v. First Nat. B. of G., 69 Texas, 602; Campbell v. Trimble, 75 Texas, 270; Texas & Pac. Ry. v. Hill, 71 Texas, 456; Bennett v. Missouri, K. & T. Ry., 11 Texas Civ. App., 423; Mayo v. Tudor, 74 Texas, 471; East Texas Fire Ins. Co. v. Brown, 82 Texas, 631; International & G. N. Ry. v. Hubbs, 11 Texas Ct. Rep., 167.

The court erred in the seventh paragraph of the charge. St. Louis S. W. Ry. v. Haynes, 13 Texas Ct. Rep., 25; Henry v. Sansom, 2 Texas Civ. App., 150; Gulf, C. & S. F. Ry. v. Harriett, 80 Texas, 81; Trinity & S. Ry. v. Schofield, 10 S. W., 575.

*A. J. Clendenen* and *E. E. Diggs,* for appellee.—The charge of the court was not subject to the criticisms urged against it. Kauffman v. Babcock, 67 Texas, 241; Baker v. Ashe, 80 Texas, 356; Jobe v. Houston, 23 S. W., 408; Brunswig v. White, 70 Texas, 504; St. Louis & S. F. Ry. Co. v. McClain, 80 Texas, 85; Galveston, H. & S. A. Ry. Co. v. Matula, 79 Texas, 577.

CONNER, CHIEF JUSTICE.—This suit was instituted by the appellee against the Fort Worth & Denver City Railway Company, the Southern Kansas Railway Company of Texas, and the Atchison, Topeka & Santa Fe Railway Company, to recover damages alleged to have resulted on account of negligent delay and rough handling of a shipment of one hundred and seventy-two head of cattle from Childress, Texas, to the National Stock Yards, Illinois, on the 15th day of November, 1902. The trial resulted in a verdict and judgment in favor of the Fort Worth & Denver City Railway Company and against the other two railway companies named for the sum of six hundred and thirty-two dollars and seventy-five cents.

The assignments of error criticise the fifth, seventh and eighth clauses of the court's charge and finally complain of the verdict as excessive and unsupported by the evidence. In the fifth paragraph of the instructions to the jury the words, "You will find in favor of such defendants, if any, as you may find from the evidence did not contribute to the injury of said cattle by negligent rough handling and unreasonable delay," are complained of on the ground that the instruction required the jury to find affirmatively from the evidence that the defendants did not contribute to the injuries complained of before they could find for the defendants, and that the charge assumed that the defendants had injured the plaintiff's cattle by negligent rough handling and unreasonable delays. In the first and second clauses of the charge, which are not objected to, the court submitted the several issues of liability of the Fort Worth & Denver City Railway Company and of the other railway companies named, which were treated on the trial as one, and in the tenth clause the jury were expressly charged that the burden of proof was upon the plaintiff. The jury must therefore have understood from the charge that it devolved upon appellee before he was entitled to recover to show by preponderance of the evidence that the acts of negligence and injuries charged were true, and it is hardly reasonable to presume that the jury construed the words quoted from the fifth paragraph as an assumption on the part of the court that appellee's cattle had been injured by rough handling and unreasonable delays, or as casting the burden of proof upon appellants contrary to the specific instruction given in the tenth paragraph.

In the seventh paragraph the court instructed the jury, among other things, that "If you shall find that the defendants, or either of them, transported said cattle with reasonable dispatch and did not delay the same unreasonably, and. did not handle said cattle roughly or injure them thereby, or if you find said cattle were not damaged, then you will find for the defendants in this case or for such one as did not contribute to their injury by negligence in handling or transporting them, and so say by your verdict." This charge was one in favor of defendants and in no event authorized a recovery by the plaintiff, and when construed together with other portions of the charge could hardly have misled the jury to believe, as is insisted in effect, that one of the defendants failed to contribute to the injury of the cattle by negligence in handling or transporting

them, or that the court meant that "rough handling" constituted negligence as a matter of law. In the clauses of the charge in which appellee's right to recover was submitted, such right was made to depend distinctly upon a finding that the delays and rough handling alleged constituted negligence. And in the eighth clause the jury were distinctly instructed that they could "not allow plaintiff anything for such shrinkage or damage as would be ordinary and reasonable in a shipment of cattle of that kind and class over the said lines of railroad from Childress to St. Louis; but in estimating the damages, if any, you will take into consideration only such as may have been sustained by the cattle by reason of unreasonable delays and rough handling, if any."

What has been said also applies in a measure to the criticism made of the eighth paragraph of the charge wherein the jury were instructed that "in estimating the damages they would take into consideration only such damages as may have been sustained by reason of unreasonable delays and rough handling, if any." As before stated, we think it apparent from the charge as a whole that by the terms "rough handling" the court meant such unreasonable and negligent handling of the cattle as was beyond the natural and usual way of handling such shipments, and the jury must have so understood the terms. We think the charge as a whole fairly submitted the issues to the jury and that the criticisms made of it in these assignments can not be maintained.

In relation to the final assignment complaining that the verdict is excessive and unsupported by the evidence, we think it sufficient to say that the evidence has been carefully examined, and it not only warrants the verdict and judgment in appellee's behalf, but would even have authorized a verdict in a larger amount. Nor have appellants any cause to complain of the finding in favor of the Fort Worth & Denver City Railway Company, in that, among other things no recovery against appellants was authorized under the charge save for their own negligence.

We conclude that all assignments of error should be overruled and the judgment affirmed.

*Affirmed.*

Writ of error refused.